IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF ARKANSAS
WESTERN DIVISION

DAREL ADELSBERGER AND
ANNETTE ADELSBERGER                                                                PLAINTIFFS

NO. 4:19CV3-SWW

UNION PACIFIC RAILROAD COMPANY                                                 DEFENDANT

---

**Joint Rule 26(f) Report**

---

Come the parties, and pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, state the following for their Joint Report.

1.   **Any changes in timing, form, or requirements of mandatory disclosure under Fed. R. Civ. P. 26(a).**

   None.

2.   **Date when mandatory disclosures were or will be made.**

   14 days from entry of this report.

3.   **Subjects on which discovery may be needed.**

This case involves unique issues and will require discovery related to water drainage, change in water drainage of the course of many years, obstructions to water flow, possible third party causes of water drainage and flow, detailed information as to the history of flooding and use of Plaintiff's property, Plaintiff's financial statements, business records, sales, costs of sales, expenses, gross profits, net profits, and whether industry changes have impacted Plaintiff's business. Discovery of agreements and communication with or from and actions by third parties regarding the culvert identified in the complaint and the Defendant's applicable maintenance policies, procedures, schedules and

actions for culverts as well as depositions of current and former maintenance personnel of the defendant and third parties. Plaintiff will seek discovery on construction policies, procedures, schedules and actions for similar culverts. Discovery will be sought on Plaintiff's purchase of the property, evidence of history of flooding, changes to the surrounding geography from development and construction, and Plaintiff's alleged damages. To understand the flow of water at issue, the parties will need to observe and analyze water conditions and flow over the course of several different seasons. Thus, discovery during many different seasons will be necessary to understand the hydrology associated with water to and from Plaintiff's property. The parties anticipate having to take depositions of fact witnesses and well as experts. Additional relevant matters may be discoverable. The parties reserve their respective objections to any information listed in this report on which discovery may be needed. The parties have propounded interrogatories, requests for production, and requests for admissions and agree that all discovery responses, answers, and objections to this pending discovery will be due no later than May 8, 2019.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

Although it is not known at this time whether electronic discovery will be necessary, it is possible that some electronic discovery may be necessary for both parties. Unless otherwise requested, production is limited to data reasonably available to the parties in the ordinary course of business .

(a) **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

Electronic disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business or required by statute,

regulation or agency direction to be prepared or maintained, if such information exists, is retained by the parties, and is reasonably available.

**(b)    The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business.**

It is not known at this time the scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business. It is not anticipated that discovery will require information beyond what is reasonably available to the parties in the ordinary course of business.

**(c)    The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production.**

All electronic information can be produced (1) in pdf copy or (2) in paper hard copy form. The parties will produce electronic evidence in native format, if requested and if such information is available. The parties will work together to produce the materials in the most efficient manner for both parties. The parties agree to Bates-label documents produced.

**(d)    Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.**

Counsel for both parties have instructed their clients to preserve discoverable data.

**(e)    Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

No other electronic or computer-based discovery problems are anticipated at this time.

**5.    Date by which discovery should be completed.**

Due to the numerous and unique issues presented in this case, including those items referenced in paragraph 3, the parties request until March 1, 2020 to conduct discovery.

6. **Any needed changes in the limitations imposed by the Federal Rules of Civil Procedure.**

None at this time.

7. **Any order, protective orders, which should be entered.**

The parties will request Protective orders for financial or proprietary information to be disclosed by either party.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

The parties have no objections at this time.

9. **Any objections to the proposed trial date.**

Due to the amount of discovery referenced in paragraph 3 above and the need for the parties to observe the flow of water over the course of several different seasons in order to assess the drainage and hydrology of the water flow to and from plaintiff's property, the parties request a later trial date. The parties have no scheduled conflict with the current trial date, but request a trial date in August 2020, if at all possible.

10. **Proposed deadline for joining other parties and amending the pleadings.**

180 days prior to the close of discovery, assuming the Court allows a later trial date. June 6, 2019, if the proposed trial date of January 6, 2020 stands.

11. **Proposed deadline for filing motions.**

120 days prior to trial date.

WHEREFORE, the parties respectfully request that this Court acknowledge and accept this Rule 26(f) Joint Report.

*Respectfully submitted,*

FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Ste. 2000
Little Rock, Arkansas 72201-3522
501.376.2011 – *phone*
501.376.2147 – *fax*
*www.fridayfirm.com*

/s/*Joseph P. McKay*
Joseph P. McKay, Bar No. 99006
*jmckay@fridayfirm.com*
Joshua C. Ashley, Bar No. 2012051
*jashley@fridayfirm.com*

-and-

Stanley D. Rauls
P.O. Box 21665
Little Rock, AR
sdr@aristotle.net